# Haberfeld *v.* Mayer, Appellant.

*Insurance—Life insurance—Beneficiaries—Insurable interest.*

1. Everyone has an unlimited insurable interest in his own life, and he may take out a policy of insurance on his own life and make it payable to whom he will, and it is not necessary that the beneficiary should have an insurable interest.

2. Where a life insurance policy has been taken out to secure payment of a debt, and the policy makes no provision as to what should be done with any surplus remaining after the debt is paid, the personal representative of the insured is entitled to such excess.

3. Where a life insurance policy taken out by the insured describes the beneficiary as a business partner, and makes no mention of any debts owing the beneficiary by the insured, the beneficiary is entitled to the entire proceeds of the policy as against the executor of the insured's estate, and it is not material that the insured was indebted to the beneficiary or that the proceeds of the policy exceeded the amount of the debt.

Argued Oct. 11, 1916. Appeal, No. 75, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2136, on verdict for plaintiff, in case of William Haberfeld v. Cornelia Mayer, Executrix of the Estate of Victor Mayer, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Feigned issue to determine the ownership of the proceeds of a life insurance policy.

The facts appear in the following opinion of SHAFER, P. J., sur defendant's motion for a new trial and for judgment n. o. v.:

The proceeding is a feigned issue to determine whether the plaintiff or defendant is entitled to the proceeds of a policy of life insurance. The material facts as they appear from the evidence are that William Haberfeld and Victor Mayer on October 30, 1913, entered into a partnership in the business for foreign exchange, Haberfeld loaning to Mayer fifteen hundred dollars, which Mayer

used to purchase his share of the partnership; and during the continuance of the partnership and while the whole sum of $1,500 was owing from Mayer to Haberfeld a policy of insurance was taken out by Mayer on his own life, payable to "his business partner William Haberfeld." The policy gave Mayer the right to change the beneficiary, and the premiums were all paid by Mayer. It does not appear that Haberfeld had anything to do with taking out the policy except an inquiry which he made of the agent of the company some time before the policy was applied for, as to the making of a policy for the protection of loans.

On September 1, 1914, Mayer sold all his interest in the partnership to Haberfeld for the sum of nine hundred dollars, the agreement reciting that the purchase price of $900 is a debt of Mayer to Haberfeld "and the receipt of the same as purchase price of the business is acknowledged by Victor Mayer." We understand it to be conceded by the plaintiff that the $900 was a part of the debt of $1,500 and that therefore, by this transaction the debt was reduced to $600. Mayer died on January 4, 1915, without having changed the beneficiary in the policy. Proofs of death were furnished to the insurance company by Haberfeld, and the company was notified by the defendant, executrix of Mayer, not to pay the money to Haberfeld, whereupon the insurance company obtained leave to pay the money into court, the amount being $1,958.92, the proceeds of a policy of $2,000.00.

We are unable to find in the record any order as to a framing of an issue, except the making absolute of a rule to show cause why an issue should not be framed. The parties appear to have assumed that the beneficiary should be plaintiff and the executrix of the insured defendant; and they proceeded to file an elaborate statement of claim and affidavit of defense, and even to argue a rule for judgment thereon. Taking these affidavits and the plea of nonassumpsit to indicate the issue to be tried it was, whether the beneficiary or the executrix of

the insured was entitled to the money in court, and if each was entitled to a share, then to how much. As the executrix is really the actor in the proceedings she should have been made plaintiff, but the form is not material. There is no question of fact to be submitted to the jury. No evidence was given by the defendant that any of the debt of $1,500 admitted to have been originally owing to the plaintiff had been paid except the $900 above referred to. On the trial a verdict was directed for the plaintiff, the beneficiary, for the whole amount. The defendant now moves for judgment in her favor for the whole amount non obstante veredicto and for a new trial.

In our view of the case the question whether Mayer owed Haberfeld anything at the time of his death is not material; but if it should be deemed material it is to be observed that in such a case the burden is upon the executrix to show the state of facts in this respect in this case and not upon the beneficiary. This was held in Lenig, Admr., v. Eisenhart, 127 Pa. 59. It is therefore to be assumed that $600 of the original debt still remained unpaid at the death of Mayer, there being no evidence of any other payment than the $900 above mentioned.

It is elementary that every one has an unlimited insurable interest in his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will and that it is not necessary that the person for whom it is taken should have an insurable interest: 1 Cooley, Briefs on the Law of Insurance, 252. As against the insurance company, therefore, there can be no question that this was a valid policy and they were bound to pay the money to the beneficiary.

There are two classes of cases in which the personal representatives of the insured is entitled to recover moneys paid to a beneficiary, or what is the same thing, to receive them when they have been paid into court, and these are, first, where the person who took out the insurance and paid the premium or took an assignment of a

policy already issued, had no insurable interest in the life of the insured and the insurer for any reason did not take advantage of the invalidity of the policy but paid the amount of the claim. In this case it is held to be against public policy that the person who received the amount of the policy should obtain the same as against the estate of the deceased beyond the premiums and expenses he had actually paid. The other case is where a man has taken out a policy on his own life for the purpose of securing a debt and has made no provision in the policy as to what should be done with any surplus arising from the policy over and above the sum necessary to pay the debt. The case at bar, of course, is not one of the first kind, as the policy was a valid one, the insurance being taken out by the insured on his own life. As to the other kind of cases in which the personal representative may recover from the beneficiary, there is no evidence in this case from which it could be found that Mayer took out the policy in question to secure a debt due Haberfeld. Haberfeld is described in the policy as a business partner and not as a creditor and there is no mention of the debt in the policy, and Mayer had reserved the right to change the beneficiary at his own desire, but he never did so. We are of opinion that Haberfeld would have a right to the proceeds of the policy even if he had not been either a partner or creditor, and the fact that he was either or both could not make the policy less beneficial for him than if he had no such interest at all.

The motion for a new trial and motion for judgment non obstante veredicto are therefore overruled; and it is ordered that judgment be entered on the feigned issue framed as above stated, for the plaintiff, on payment of the verdict fee.

To which defendant excepts and at his instance bill sealed.

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*Charles Gulentz,* for appellant.

*J. M. Friedman,* for appellee.

PER CURIAM, January 8, 1917:

This was a feigned issue to determine whether the plaintiff or defendant in it was entitled to the proceeds of a life insurance policy paid into court by the insurance company which had issued it. The jury were directed to find for the plaintiff, and properly so for the reasons appearing in the opinion of the learned court below overruling the motions for a new trial and for judgment non obstante veredicto.

Judgment affirmed.