## Pittsburgh Underwriters, Appellant, *v.* Mutual Life Insurance Co. of New York.

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan & Ingersoll,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

Pittsburgh Underwriters wrote policies of insurance and Morris Wechsler was one of its brokers. In the course of their dealings, Wechsler became indebted to this plaintiff for a total of $3,500. To secure any balance remaining unpaid, in the event of Wechsler's death, defendant company on May 12, 1935 issued an insurance policy upon Wechsler's life in the sum of $3,500. By its terms defendant agreed to 'pay to the Insured's Creditor, Pittsburgh Underwriters, its successors or assigns as its interest may appear, balance, if any, or the whole amount payable if the said Creditor shall then have no interest to the insured's executors, administrators or assigns, the Beneficiary, Thirty-five hundred Dollars, upon receipt of due proof of the death of Morris Wechsler, the Insured.' Wechsler failed to pay the quarterly premium which fell due on November 12, 1938 and the policy lapsed for that reason. Upon his application the policy, later, was reinstated. Plaintiff had no notice of the default in payment of the premium, the lapse of the policy nor its reinstatement. Some months later when plaintiff was informed of these facts, it assumed liability for future premiums and paid all of them until the death of the insured on August 7, 1939. Before his death, by various payments, Wechsler had reduced his indebtedness to plaintiff to $2,297.80; thereafter, his estate further reduced it to $2,000. To recover that amount, Pittsburgh Underwriters brought this action *in its name alone,* without joining the representatives of Wechsler's estate as parties plaintiff. Prior to suit, plaintiff had notice that Wechsler had induced the reinstatement of the policy by fraudulent misrepresentations which would bar his estate from recovery. The case

was disposed of in the court below adversely to plaintiff, on the pleadings—plaintiff's statement of claim and an affidavit of defense in lieu of demurrer. In an interlocutory order, plaintiff was given 15 days in which to amend by joining the other beneficiary as party plaintiff. This, the plaintiff was unwilling to do, and its failure in that respect amounts to an admission that reinstatement of the policy was induced by Wechsler's false and fraudulent representations: It elected to rely for recovery in this action brought in its name alone. For want of the amendment, final judgment was entered for defendant on the ground that, since the policy named two beneficiaries jointly, both must join in one action to enforce it.

The facts bring the case squarely within *Bowers Co. v. London Assur. Corp.*, 90 Pa. Superior Ct. 121, which rules the present appeal. There, in consideration of a single premium, the thing insured was an automobile against loss by fire; two parties were named in the policy, as jointly assured; the purchaser of the automobile under a lease agreement, and the seller as lessor, 'As their interests may appear.' Every payment made by the lessee increased his 'interest' in the policy and reduced that of the lessor by a like amount. Both parties had insurable interests in the automobile; each could have insured his interest in a separate policy for his sole benefit, and in the event of loss by fire could have recovered in an action in his name alone, unaffected by any fraudulent act of the other which would bar recovery under his policy as to him. Suit was brought in the Bowers case by the lessor alone. The lessee was not joined because he had fraudulently burned the automobile. It was held, that recovery could be had only in a joint action and that the fraud of one, barred both.

The situation presented in the instant case is parallel. The subject matter of the indemnifying contract

of insurance, here, is not property, but the life of the insured. The policy was an indemnifying contract against the contingency that Wechsler would die before satisfaction of the debt; if he continued to live it was a reasonable expectation that he would pay plaintiff in full from his earnings. Wechsler had a corresponding interest in the policy; with every payment which he made to plaintiff he, or his estate, prospectively benefited by a like amount. One annual premium insured the interests of both, later, made payable quarterly, at the request of insured.

Both Wechsler and plaintiff, as his creditor, had an insurable interest in his life. "It is elementary that every one has an unlimited insurable interest in his own life"; *Haberfeld v. Mayer,* 256 Pa. 151, 100 A. 587. And "A creditor may lawfully take out a policy on the life of his debtor in an amount sufficient to cover the debt ......"; *Wheeland v. Atwood,* 192 Pa. 237, 43 A. 946. With Wechsler's cooperation, plaintiff might have secured a policy in its own name for its exclusive benefit to the amount of the unpaid indebtedness. (Regardless of the amount of the policy, the excess would go to the estate of the insured on his death. *Haberfeld v. Mayer,* supra.) On such policy plaintiff might have brought an action in its name alone without the joinder of the representative of Wechsler's estate and recovery would not have been affected by any fraud of Wechsler, committed after the risk was assumed.

The controlling force of the conclusions of the Bowers case is inescapable. Whether tangible property or a human life is the subject of the insurance is immaterial. What determines the issue is not the nature of the interest of the beneficiaries in the thing insured but whether the interests of the parties in the *policy* are distinct. If written for the benefit of one alone, or if the interests of more than one are for specific definite amounts payable to each, the contract is several. But

if for the benefit of two jointly 'as their interests may appear' or to one as 'its interest may appear' with the remainder to the estate of insured, (which is the same thing) the contract is joint and both beneficiaries must join in one action to enforce it.

When the right of action is joint, recovery on the policy is barred by the fraudulent act of either of the assured. Plaintiff in pooling his interest in the policy with that of Wechsler, took the policy, (in the language of the Bowers case) 'subject to all the disadvantages incident to it, including the risk of the policy being invalidated by the fraudulent act of either.' Plaintiff in this case, ultimately, would be barred by Wechsler's fraud, if the representatives of his estate were joined as parties plaintiff, by amendment. Without the amendment, plaintiff has no standing to recover under the policy.

Judgment affirmed.