## Shelton v. Travelers Insurance Co. et al.

*Raymond Pace Alexander*, for plaintiff.
*Philip H. Strubing*, for defendant.
*E. Herman Fuiman*, for claimant.

SMITH, P. J., October 15, 1945.—This interpleader action was tried before the court without a jury.

### Findings of fact

1. Thomas Shelton was employed by the New York Shipbuilding Company of Camden, New Jersey, and while there employed his life was insured in a group life insurance policy, Group No. G-5910, issued by the Travelers Insurance Company, a corporation, certificate B-60171, on September 9, 1943.

2. The said policy of life insurance when issued, named Cora Shelton, wife of Thomas Shelton, as the sole beneficiary.

3. Cora Shelton died prior to May 8, 1943.

4. Thomas Shelton, on May 8, 1943, became legally married to Lucy Shelton in a marriage ceremony entered into in Elkton, Md.

5. Sometime in the summer of 1943 Thomas Shelton separated himself from his wife, Lucy Shelton, and never again returned to her.

6. Thomas Shelton in March of 1943 met Louise Sams at her church situated Twenty-first and Kimball Streets, Philadelphia, and on June 12, 1943, moved into her apartment on the premises situate 2042 Catharine Street, Philadelphia, where they cohabited.

7. At this time the said Louise Sams was not aware that the said Thomas Shelton was lawfully married to the said Lucy Shelton and she adopted the name of Louise Shelton and was known to and held out to others by Thomas Shelton as Louise Shelton, his wife.

8. Thomas Shelton and Louise Sams (known as Louise Shelton) cohabited together at the address 2042 Catharine Street from June 12, 1943, up to the date of the last illness of Thomas Shelton, when he was removed to the Pennsylvania Hospital in Philadelphia in May of 1944.

9. While the said Thomas Shelton and Louise Sams (known as Louise Shelton) were living together at

2042 Catharine Street, Philadelphia, the said Thomas Shelton on October 18, 1943, caused a change of beneficiary of the policy of insurance on forms furnished by the Travelers Insurance Company. This change of beneficiary was accepted by the New York Shipbuilding Company, his employer.

10. The change of beneficiary made in accordance with the terms of the policy of insurance is as follows:

"Revoking hereby any previous designation which may be inconsistent herewith, I direct that the insurance evidenced by said certificate payable under said group policy in the event of my death, be paid, subject to the provisions of the said policy and in accordance with the terms thereof to Sarah Campbell and Louise Shelton, sisters."

The address of the two beneficiaries was stated in the form provided for in the change of beneficiary as follows:

Address: Sarah Campbell — 3432 Ludlow Street, Phila., Pa.

Louise Shelton — 2042 Catharine Street, Phila., Pa.

11. The said Thomas Shelton never had any sister by the name of Louise Shelton.

12. Thomas Shelton died on May 7, 1944, while a patient in the Pennsylvania Hospital, Philadelphia, Pennsylvania, where he had been taken from his residence, 2042 Catharine Street, Philadelphia.

13. When Thomas Shelton died on May 7, 1944, his sister, Sarah Campbell, went to the residence at 2042 Catharine Street and there asked plaintiff, Louise Sams (Shelton), to permit her to have the policy of life insurance so that she might present it to the undertaker who was to attend to the burial of the said Thomas Shelton. The said policy of insurance was taken out of the suitcase of Thomas Shelton which was in one of the closets of the premises, 2042 Catharine Street.

14. The said Sarah Campbell never returned the said policy of insurance to Louise Sams (Shelton) but made demand upon the Travelers Insurance Company for her half of the face of the policy.

15. The Travelers Insurance Company paid to the said Sarah Campbell the sum of $750, being one half of the said face of the said policy of insurance.

16. Upon request for the payment of the balance due under the terms of said policy by plaintiff, Louise Sams (Shelton), and the refusal of the insurance company to pay, she, in the name of Louise Shelton, brought an action in assumpsit against the said Travelers Insurance Company under the above term and number of this action.

17. The said Lucy Shelton, as the lawful wife of Thomas Shelton, was granted letters of administration upon his estate and duly qualified as such.

18. The said Lucy Shelton, as administratrix of the estate of Thomas Shelton, then filed a claim for the fund and the Travelers Insurance Company has paid the said sum of $750 into court so that the legal rights of the plaintiff and the claimant may be determined by an action in interpleader.

19. The said Louise Sams (known as Louise Shelton), who at the time of the change of benficiary on policy no. G-9510 under date of September 9, 1943, of the Travelers Insurance Company, resided at 2042 Catharine Street, in the City of Philadelphia, is one of the two beneficiaries named in the said change of beneficiary of the said policy of life insurance.

### Discussion

This case presents some difficulties, due to the complex amoral inclinations of a man who died leaving a wife to whom he was legally married and another lady of his choice to whom he lightly gave his name, both of whom are now making a claim to a fund payable under

a group policy of insurance issued by the Travelers Insurance Company.

Sometime prior to May 8, 1943, Thomas Shelton was married to Cora Shelton. When she died, he, on May 8, 1943, became legally married to Lucy Thompson at Elkton, Maryland, and went to live with her at her home at 915 South 15th Street, in the City and County of Philadelphia. He attended a church service in March 1943, where he met Louise Sams, a single woman, who lived in an apartment in a house situate 2042 Catharine Street, Philadelphia. While he was lawfully married to Lucy Shelton, without informing Louise Sams that he had a lawful wedded wife, he, on June 12, 1943, moved into the home of Louise Sams and cohabited with her in the same bedroom of her apartment and held her out to friends and various people as his wife. Then on September 9, 1943, while he had a legal wife, Lucy Shelton, and a woman who he had led to believe was his common-law wife, Louise Sams (Shelton), and while employed in the New York Shipbuilding Company, he took out a life insurance policy under a group policy, being certificate no. B-60171 in the Travelers Insurance Company, and notwithstanding the fact his first wife, Cora, was deceased, he named her as his sole beneficiary. At the time he was residing with Louise Sams at 2042 Catharine Street and from the evidence it would appear that Louise Sams was a reputable, respectable woman, had no suspicions that he was not her common-law husband, or that he had a lawful wife. Then on October 18, 1943, Thomas Shelton, while still living at the same address, 2042 Catharine Street, with Louise Sams (Shelton), executed a change of beneficiary on a form furnished by the Travelers Insurance Company. After proper execution of this form, making a change of beneficiary, the said form was received by his employer, the New York Shipbuilding Company, and he nominated as his beneficiary to share equally the proceeds of the face of the policy, his real sister, Sarah

Campbell, and Louise Shelton, whom he called his sister, and whose address he gave as 2042 Catharine Street. There is some ambiguity as to this term, "sister", as applied to Louise Shelton. Thomas Shelton had only one sister and that was Sarah Campbell. The descriptive name of "sister", as applied to Louise Shelton most likely was given by Thomas Shelton, when he was in a rather embarassing position caused by the true relationship which he undoubtedly knew existed between him and Louise Shelton. He undoubtedly knew that he had a legal wife. He also knew that the relationship which existed between him and Louise Sams was meritricious. He must have known that she was not his wife and certainly that she was not his sister, and yet the finger points to her as the only person whom he could have meant when he gave the name of Louise Shelton and the address of 2042 Catharine Street, Philadelphia. It is clear that he could not call her his "wife", so it must have been that he concluded that he would call both his real sister and the woman with whom he was living also "sister". The evidence seems to show that the slight ambiguity which has arisen by use of the name "sister" cannot overcome the clear intention of Thomas Shelton to leave one half of the funds payable under the terms of this policy of insurance to the woman with whom he was living at their common residence, 2042 Catharine Street. Evidence is stated that she was known to a great many people as Louise Shelton.

In determining who is the beneficiary under the terms of a policy of life insurance, the courts are governed by the intention of the insured as indicated by the surrounding circumstances and conditions at the time the contract of insurance was made as applied to the language of the instrument itself. We do not see how it can be believed that the plaintiff was not the woman the insured had in mind when he changed the beneficiary. It is also clear that Louise Shelton did not know

until about the time of the death of Thomas Shelton in May of 1944 that he had a wife who was living at the time. There is also an inference that at the time the policy persisted, all of the premiums were paid by Thomas Shelton, or as is usually done in matters of group insurance, by his employer out of his wages. At least, there is no evidence presented by the claimant, Lucy Shelton, that she ever paid any of the premiums on this policy of life insurance.

The case resembles to some degree Overbeck v. Overbeck, 155 Pa. 5, where in a per curiam opinion, it is stated (p. 7) :

"While it is clear from the facts found by the jury in their special verdict that Mary Overbeck, the appellee, was not the legal wife of William H. Overbeck, by reason of his prior marriage with the appellant, Jennie F. Overbeck, yet it also appears by the verdict that the appellee did not take out a policy upon the life of her reputed husband. The policy was taken out by the latter upon his own life 'payable at his death to his wife, Mary Overbeck, or to the heirs at law of said William H. Overbeck.' It is certain that Overbeck did not intend the proceeds to go to the appellant in case of his death, although she was his lawful wife. On the contrary, he designated the appellee, Mary Overbeck, as the beneficiary, and as she is living and the first named, she cannot be passed by for the 'heirs at law.' "

Indeed the terms of the change of beneficiary show that Thomas Shelton intended that Louise Shelton, who lived with him at 2042 Catharine Street, should share with his sister in the proceeds of his policy of insurance even though he stated an untruth when he called her "sister". In the case of Gannon v. Gannon, 88 Pa. Superior Ct. 239, Judge Gawthrop stated (p. 243) :

". . . there is abundant authority for the rule of law that the courts will give effect to the intention of the insured to change the beneficiary by holding that the

change has been accomplished where he has done all he could to comply with the provisions of the policy . . ."

In Stewart, Admx., v. Shenandoah Life Insurance Company, Inc., 144 Pa. Superior Ct. 549, 555, 556, the controversy arose between the administratrix of the estate of Frederick A. Organ and Anna Ellen Organ, sometimes known as Anna Ellen Merriman, described in the contract of insurance as "the wife of the insured" and designated as his beneficiary. In fact, Anna Ellen Merriman was not the wife of the insured but was the wife of another man, to wit, Edward James Merriman. In an action in interpleader, where the judgment of the court below was affirmed, Cunningham, J., said:

"The only substantial question involved upon this appeal is whether the insured, having distinctly named Anna Ellen Organ as his beneficiary, rendered her designation null and void by incorrectly describing her as his wife. . . . Concededly, the insurance contract, under which the certificate was issued, contains no limitations or restrictions of any kind upon the right of a member of the group to 'name' any person he may see fit to designate as his 'beneficiary'.

"It is elementary that every one has an unlimited insurable interest in his own life, and that he may take out a policy of insurance on his own life and make it payable to whom he will and that it is not necessary that the person for whom it is taken should have an insurable interest: 1 Cooley, Briefs on the Laws of Insurance 252; Haberfeld v. Mayer, 256 Pa. 151, 100 A. 587."

An examination of the policy of insurance in the instant case, which has been offered in evidence, shows that it contains no limitations nor restrictions of any kind whatsoever upon the right of Thomas Shelton to name any beneficiary he desired.

The question has been raised whether or not the plaintiff, Louise Shelton, had or had not possession of the said policy of insurance which was in a suitcase of the deceased and in a closet in a room that had been occupied by the plaintiff and Thomas Shelton. This question is not a serious one. The delivery of the said policy of insurance to the named beneficiary is not necessary to the vesting of her right: Scott v. Dickson, Admr., etc., 108 Pa. 6.

It would therefore appear to the court that.as to the claim of plaintiff, Louise Shelton, against the insurance company, there can be no question that the policy of insurance is a valid one; that the beneficiary, Louise Shelton, plaintiff in this action, has been sufficiently designated and identified; and it is therefore necessary for defendant, the Travelers Insurance Company, to pay over one half of the proceeds of the said policy of insurance to her.

### Conclusions of law

1. The change of beneficiary under group policy No. G-9510, GA-4690 and Certificate B-60171 of the Travelers Insurance Company, as made by Thomas Shelton on October 18, 1943, was within the terms and provisions of the said policy of group insurance of the Travelers Insurance Company.

2. The said change of beneficiary as made and evidenced by the said Thomas Shelton was duly accepted by his employer, the New York Shipbuilding Company.

3. The said Louise Sams (Shelton), plaintiff, at the time of the death of the said Thomas Shelton, had a vested interest in one half of the proceeds of the said policy of insurance payable under the terms of the change of beneficiary.

### Decree

And now, to wit, October 15, 1945, it is ordered and decreed that the said sum of $750, with interest, which

has been deposited with the court by the Travelers Insurance Company in this action in interpleader, is now due and should be paid to plaintiff, Louise Sams (Shelton), and the court so orders.