# BROOKS v. BROOKS.—222 S. W. (2d) 686.

Western Section.    March 23, 1949.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

Edward J. Dugan, of Memphis, for appellant.

Canale, Glankler, Loch & Little, John Montedonico and Kenneth Rayner, all of Memphis, for appellee.

BAPTIST, J. This is a controversy between two Negro women, each of whom claims the proceeds of a life insurance policy issued by The Prudential Life Insurance Company on the life of Berry Brooks, deceased.

The parties will be hereinafter referred to as Beatrice Brooks (Sears), appellant and Beatrice E. Brooks (Bibbs), appellee, these being their respective maiden names.

Berry Brooks was an employee of the Firestone Rubber Company in Memphis and the policy which is exhibited insures employees of that company under a group life insurance policy.

The policy in question was issued on the life of Berry Brooks in the amount of $2,500, dated April 1, 1946, and the beneficiary for death benefits is "Beatrice E. Brooks, wife of the insured".

On October 5, 1929, the deceased, Berry Brooks, was married in Shelby County, Tennessee, to Beatrice Sears. The latter's testimony is that in 1937 she and her husband, Berry Brooks, agreed that she would go to Crittenden County, Arkansas, to farm; that he provided groceries for her and sent a man along by the name of Theodore Bishop, who was to be a hired hand or subtenant, and who lived in the same house with her.

That in the spring of 1939 she went to Memphis and there received reliable information that Berry Brooks had obtained a divorce from her. This information was not reliable for the reason that there is no evidence Berry Brooks was then, nor later, divorced from her.

That she stayed single until 1942 when she was married to the said Theodore Bishop in Marion, Arkansas, and that she and Bishop returned to Memphis where she lived with him and is still living with him as his wife.

On December 21, 1938, Berry Brooks was married in Crittenden County, Arkansas to Beatrice Bibbs. These two lived together as man and wife until his death on

July 4, 1947. Five children were born to them, three of whom are living.

On November 16, 1943, these latter two purchased a home in Memphis. This property was conveyed to Berry Brooks and his wife, Beatrice Brooks.

They lived together in this house until his death and she has continued to reside there since.

The insurance policy in question was in her, that is, Beatrice E. Brooks, possession at the time of his death, and she testifies her husband gave it to her and she has had it ever since.

This Beatrice Brooks (Bibbs) testifies that her name is Beatrice E. Brooks. The middle initial "E" stands for Ella.

Her father, a colored minister, testified to the same fact.

As stated, Berry Brooks died on July 4, 1947, and on March 31, 1948, Beatrice Brooks (Sears), the appellant herein, qualified as administratrix of his estate in the Probate Court of Shelby County, Tennessee.

The original bill was filed by Beatrice E. Brooks (Bibbs) against The Prudential Insurance Company seeking a recovery of the amount of the policy.

The insurance company answered, admitting its liability under the policy, but alleging that a second party by the name of "Beatrice", and who represented herself to be the lawful wife of the insured, had made demand upon it for the proceeds of the policy, claiming to be the rightful beneficiary thereunder. The company prayed that the parties be made cross-defendants and required to interplead. The amount as shown in the face of the policy, $2,500, was paid into the registry of the Court and the insurance company discharged.

Both of these cross-defendants answered, each contending that she was entitled to the proceeds of the policy.

At the trial, the Chancellor submitted to the jury the following issue: ''Was it the intention of Berry Brooks, deceased, to make complainant, Beatrice E. Brooks, whose maiden name was Bibbs, his beneficiary under the group insurance policy involved in this case?''

The jury answered in the affirmative.

The cross-defendant, whose maiden name was Beatrice Sears, moved the Court to set aside the verdict of the jury and grant her a new trial on said issue, which was overruled. She then moved for a judgment non obstante veredicto, which was overruled, and the Court pronounced judgment upon the finding of the jury in favor of Beatrice E. Brooks, whose maiden name was Bibbs, for the amount in the hands of the Clerk and Master.

From this action the cross-defendant, Beatrice Brooks, whose maiden name was Sears, has appealed to this Court and assigned errors.

■ The appellant contends by an assignment of error that there is no material evidence to support the jury's answer to the only issue submitted to it.

This assignment must be overruled. We think the evidence heretofore cited manifests a clear intention upon the part of the deceased to make Beatrice E. Brooks (Bibbs) beneficiary under the policy, and the jury was warranted in so finding.

Under the circumstances, it is not to be conceived that Berry Brooks intended Beatrice Brooks (Sears) to be the beneficiary under the policy. At the time of the issuance of the policy, she had for several years been living with Bishop as his wife.

At that time Berry Brooks had, for some years, been living with Beatrice E. Brooks (Bibbs) as his wife, and she had borne him children during that relationship.

For years they had assumed the relationship of husband and wife and so held themselves out to the public. They bought and occupied a home as husband and wife. Whether legally so or not, it is evident that he regarded her as his wife in designating the beneficiary under the policy. The designation is under her correct name as "Beatrice E. Brooks". The appellant here was never known by that name.

There is material evidence to support the finding of the jury on the issue submitted.

The appellee assigns error upon the refusal of the Chancellor to submit to the jury the following issues of fact tendered by her:

"1. Was Berry Brooks the husband of Beatrice Brooks, the respondent, interpleader and intervenor, in this cause at the time of the death of Berry Brooks?

"2. Was Beatrice Brooks, the respondent, interpleader and intervenor, in this cause the wife of said Berry Brooks at the time of the application for and issuance of the policy of life insurance upon the life of Berry Brooks as described in and made the subject of this cause of action?

"3. Is the designation of beneficiary in the policy upon the life of Berry Brooks so ambiguous that it does not clearly appear who should take as beneficiary therein?"

In overruling the motion for a new trial, the Chancellor denied the application of appellant for a finding of fact that she was the legal wife and widow of the insured because he considered it immaterial and

for the purpose of overruling the motion it might be assumed to be true.

We agree with the Chancellor in this view. The question of whether Beatrice Brooks (Sears) was the legal wife of Berry Brooks is at most a circumstance to be considered in determining the intention of the insured in the designation of a beneficiary.

■ Aside from the rule that one person may not for his own benefit insure the life of another in whom he has no insurable interest, it is the law that one may take out a policy on his life and make it payable to whom he will, and it is not necessary that the beneficiary named should have an insurable interest. Clement v. New York Life Insurance Company, 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650; Woodfin v. Neal, 16 Tenn. App. 481, 65 S. W. (2d) 212.

■ Therefore, the Chancellor properly refused the issues on the question as to whether Beatrice Brooks (Sears) was the legal wife of Berry Brooks at the time of the issuance of the policy or at the time of his death.

■ As to the question of ambiguity, the appellee contends that if she was not named as such beneficiary the determination of who was so designated is so ambiguous as to result in no beneficiary being named and, therefore, the proceeds of the policy should be paid to the administratrix.

We think there is no ambiguity in the designation of the beneficiary. The issue as submitted to the jury by the Court makes the question clear and unambiguous, and the issue was found in favor of the appellee.

The appellant cites the case of American National Insurance Company v. Jackson, 12 Tenn. App. 305, to the effect that group insurance contracts are between the

employer and the insurer for the benefit of the insured employee. The appellant, therefore, contends that the rule does not apply that one under such insurance contract may not designate a legal stranger as beneficiary. We think there is nothing in this case to support the contention. The only question in the cited case was whether the insured was an employee at the time of his death.

The appellant also cites the case of Adams v. Garraway et al., 179 Tenn. 93, 162 S. W. (2d) 1086, on her contention that the designation of the beneficiary was not apt in words for that purpose. We do not think this case is in point on the question here involved. The cited case involves the construction of a will, the question being whether, under the will, the widow and children took the proceeds of a life insurance policy or whether it constituted a fund for the payment of his debts. The case held that the latter intention of the will must clearly appear and cannot be inferred from general expression.

Without citing authorities, the appellant states that it is against public policy in Tennessee for one to seek to cause the proceeds of an insurance policy to be paid to his partner in illicit relations when both deceased and the attempted beneficiary are each aware of their own licentious conduct in assuming such relationship.

The appellee denies that she knew that Berry Brooks was married to the appellant during the time she lived with him. However, if this be not so and if the insured, Berry Brooks, offended in this respect, the appellant does not come with clean hands to make such contention. She was guilty of the identical offense. It is a case of "the pot calling the kettle black".

We find no error in the record. The assignments of error are overruled and the decree of the Chancery Court is affirmed.

The cause is remanded to the Chancery Court for the enforcement of the decree in accordance with this opinion.

The appellant, Beatrice Brooks (Sears) will pay the costs.

Anderson, P. J., and Swepston, J., concur.