NUUANU MEMORIAL PARK MORTUARY, LIMITED,
A HAWAII CORPORATION, *v.* MARK BRIGGS,
CHIEF DEPUTY INSURANCE COMMISSIONER
OF THE STATE OF HAWAII,
HAWAIIAN MEMORIAL LIFE PLAN, LTD., AND
HAWAIIAN LIFE INSURANCE CO., LTD.

No. 4578.

NOVEMBER 30, 1967.

RICHARDSON, C.J., MIZUHA, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE LAURETA IN PLACE OF
MARUMOTO, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

The Hawaiian Memorial Life Plan, Ltd., hereinafter called "Life Plan," has entered into contracts with individuals, hereinafter called "Contract Purchasers," under a form of instrument called a "Pre-Need Agreement."

Under the Pre-Need Agreement, Life Plan agrees to arrange for funeral services with a duly licensed mortuary and a Contract Purchaser agrees to pay a fixed total price in monthly

installments. Life Plan, as compensation for its services, retains 25 percent of the total price and upon receiving the full payment under a Pre-Need Agreement, it deposits the remaining 75 percent with Bishop Trust Company, Limited, Trustee under an individual trust agreement. The Pre-Need Agreement also provides that Life Plan is entitled to all the income, gain and increment of the funds from the time money is paid by a Contract Purchaser until the termination of an individual trust agreement upon the death of a Contract Purchaser.

The Pre-Need Agreement also provides that upon cancellation of the agreement by either party, Life Plan is entitled to retain as liquidated damages and compensation the amount of money paid up to 25 percent of the contract price, that is "the difference between the mortuary reserve and the contract price."

Life Plan in its operation purchased a group life insurance policy from the Hawaiian Life Insurance Co., Ltd., hereinafter called "Hawaiian Life," on the lives of Contract Purchasers.

Upon the complaint of Nuuanu Memorial Park Mortuary, Limited, hereinafter called "Nuuanu," a hearing was held by the Chief Deputy Insurance Commissioner of the State of Hawaii who ruled that Life Plan was engaged in the insurance business, as the "contract purchaser's protective clause" attached to the Pre-Need Agreement forgave the payment of the balance of the contract price upon the death of a Contract Purchaser. The ruling recognized that an amendment to the Pre-Need Agreement by deleting the objectionable clause would prevent the agreement from being an insurance contract and Life Plan was given 90 days to make the amendments to all of the existing Pre-Need Agreements. The ruling also found that the relation between a Contract Purchaser and Life Plan constituted a debtor-creditor relationship and Hawaiian Life could properly issue a creditor's group life insurance policy to Life Plan.

Nuuanu appealed from this ruling to the Circuit Court of the First Circuit on December 21, 1962. Nuuanu's motion for leave to present additional evidence was granted and a hearing was held before the Director of Regulatory Agencies of the State of Hawaii on September 30, 1964. After the hearing, the Director

affirmed the ruling of the Chief Deputy Insurance Commissioner that a debtor-creditor relationship existed between a Contract Purchaser and Life Plan and Hawaiian Life could issue a creditor group life insurance policy to Life Plan.

On the appeal to the Circuit Court of the First Circuit, the court found that a relationship of debtor-creditor did not exist between a Contract Purchaser and Life Plan.

On January 14, 1966, a judgment was entered wherein the trial court reversed the ruling of the Chief Deputy Insurance Commissioner and held that "the relationship between Life Plan and its contract purchasers as prescribed by the 'Pre-need Agreement' " did not authorize Life Plan to purchase creditor group life insurance insuring the lives of Contract Purchasers. The trial court ordered the Chief Deputy Insurance Commissioner to issue an appropriate order to Hawaiian Life to terminate the group life insurance policy.

From the judgment of the trial court, Life Plan and Hawaiian Life appealed to this court and the issue before this court is whether Life Plan may insure the lives of Contract Purchasers under a creditor group life insurance policy.

Under the Pre-Need Agreement, a Contract Purchaser is obligated to pay Life Plan, as compensation for its services, 25 percent of the agreed contract price. There is an obligation to pay a fixed sum of money in monthly installments, and we hold that a debtor-creditor relationship exists between a Contract Purchaser and Life Plan for 25 percent of the contract price. *Henriques* v. *Vinhaca*, 20 Haw. 702, *Nelson* v. *Wilson*, 81 Mont. 560, 264 P. 679.

The fact that a Pre-Need Agreement may be cancelled by either party does not change this relationship because until it is cancelled there is a binding obligation. Further, under its terms, when a Pre-Need Agreement is terminated by either party, Life Plan is to retain such sums of money paid under the contract up to 25 percent of the contract price as liquidated damages and compensation and Life Plan is only required to return to a Contract Purchaser any sum that exceeds 25 percent of the contract price.

Life Plan as creditor has an insurable interest in the lives of Contract Purchasers and may secure a creditor group life insurance policy insuring the lives of its Contract Purchasers under the provisions of Sec. 181-563, R.L.H. 1955, as amended. *Pittsburgh Underwriters* v. *Mutual Life Ins. Co. of New York,* 149 Pa. Super. 554, 27 A.2d 278 (1942) ; *Kincaid* v. *Alderson,* 209 Tenn. 597, 354 S.W.2d 775. The group insurance policy in this case provides for payment to Life Plan upon the death of a Contract Purchaser of the balance of the contract price or $2,000, whichever is less. The amount of insurance on the life of each Contract Purchaser is greater than 25 percent of the contract price; however, there has been no determination by the trial court whether the amount of insurance on the life of a Contract Purchaser is so disproportionate to its insurable interest that it amounts to a wager and thus void.

Therefore, we remand this case to the trial court for determination of that question and also for a determination whether the Pre-Need Agreement, which calls for installment payments, comes within the provisions of the Retail Installment Sales Act, Chap. 201A, R.L.H. 1955, 1965 Supplement; and if it does, whether the Pre-Need Agreement meets the requirements of that Act.

Reversed and remanded.

*Michiro Watanabe* for appellee-appellant Hawaiian Memorial Life Plan, Ltd.

*J. Russell Cades* and *Douglas E. Prior* (*Smith, Wild, Beebe & Cades* of Counsel) for appellee-appellant Hawaiian Life Insurance Co., Ltd.

*Asa M. Akinaka* (*Marumoto & Akinaka* of Counsel) for appellant-appellee.