Joy Rainey PEELER, Individually and as Next Friend of Robert Michael Peeler and Theresa Neal Callins, and Joy R. Peeler, Administratrix of the Estate of Robert Neal Peeler, Appellees,

v.

David DOSTER and Wife, Nancy Doster, Individually and d/b/a United Sand and Gravel, Appellants.

Supreme Court of Tennessee, at Jackson.

Feb. 16, 1982.

Harry Max Speight, Dresden, for appellants.

Thomas, Welles & Thomas, Dresden, for appellees.

## OPINION

COOPER, Justice.

This action involves a contest over the proceeds of two insurance policies on the life of Robert Neal Peeler, who died on March 15, 1979, from injuries received in an automobile accident. The plaintiff-appellee Joy Rainey Peeler, who is the widow of the insured and the administratrix of his estate, instituted the action to obtain a judgment declaring the proceeds to be the property of the Peeler estate. The other claimant is David Doster, who insists that he is the beneficiary named in the policies and, as such, is entitled to the proceeds. Both the chancellor and the Court of Appeals concluded that the primary beneficiaries named in the policies did not exist at the time of Peeler's death, and awarded the proceeds of both policies to the estate of Robert N. Peeler. We granted Doster's application to appeal to determine who is the true beneficiary under the terms of the policies of insurance.

The record shows that prior to 1978, Robert N. Peeler owned certain heavy duty, earth-moving equipment. David F. Doster owned two businesses, United Equipment and Culvert Sales and United Sand and Gravel, which he operated as a sole proprietorship. In early 1978, Peeler and Doster entered into negotiations aimed at forming a partnership to engage in the business of hauling sand and gravel. Doster agreed to sell a half-interest in his business enterprise to Peeler in exchange for a $22,500 capital contribution. The prospective partners further agreed that, as soon as the partnership was created, it would purchase Peeler's equipment for $36,000 payable over a three-year period.

In early spring of 1978, Peeler began working as foreman for United Equipment and Culvert Sales. He received the same salary as Doster and began to advise Doster on significant decisions affecting the future of the business. The men also represented themselves as partners in certain situations, one of which was the purchase of the insurance policies that are the subject of this action.

On February 7, 1978, Peeler and Doster made separate applications to the Woodmen

of the World Life Insurance Society for life insurance policies. Peeler named himself as the insured and "United Sand and Gravel, partnership business," as the primary beneficiary under his policy. Peeler described his relationship to the designated beneficiary as "one-half owner." Doster did likewise on his application. On March 15, 1978, Woodmen of the World issued a policy in the amount of $50,000 to each applicant. David Doster paid the annual premium on both policies.

On June 6, 1978, Peeler and Doster again made separate applications for life insurance, this time to Pioneer American Assurance Society. Peeler named himself as the insured and "David Doster-Partner" as the primary beneficiary under this policy. Peeler also described himself as a partner in a sand and gravel business. David Doster named himself as the insured on his application, and designated "Robert N. Peeler-Partner" as the beneficiary of his policy. On July 7, 1978, Pioneer American issued to each applicant a policy in the face amount of $50,000, with double indemnity benefits in the event of accidental death. The policy terms reserved to the policyholder the right to change the beneficiary during the lifetime of the insured. Doster again paid the annual premium on both policies.

During 1978, Peeler and Doster purchased equipment which was titled in both their names, and incurred substantial joint obligations to finance the purchases. Doster paid the monthly installments on these joint debts out of the profits of the business.

Despite repeated efforts, Peeler ultimately failed to raise the funds necessary for him to make his capital contribution to the proposed partnership. In November of 1978, he informed Doster that their agreement would have to be cancelled and their partnership plans abandoned. Peeler ceased his business association with Doster at this time, but no action was taken concerning the insurance policies, the jointly-owned equipment, or the joint debts. On March 15, 1979, Peeler died from injuries received in an automobile accident.

·The chancellor and the Court of Appeals awarded the proceeds of both policies of insurance on the life of Peeler to his estate. The primary basis of the award of proceeds from the Woodmen policy was a finding by both courts that the contemplated partnership between Peeler and Doster never came into existence. The courts reasoned that since the named beneficiary of the Woodmen policy, "United Sand and Gravel, partnership business" never came into existence as a legal entity, the policy proceeds would have to go to the contingent beneficiary, the estate of Robert N. Peeler.

With respect to the Pioneer policy wherein the named beneficiary was "David Doster, Partner," the Court of Appeals concluded that "partner" was the beneficiary and that the words "David Doster" were merely descriptive of that beneficiary. The court went on to reason that since no partnership ever came into existence between Peeler and Doster, the beneficiary described in the policy did not exist at the time of Peeler's death and that the proceeds of Pioneer policy were the property of the estate of Robert N. Peeler.

Appellant Doster insists that the plain language of the application for the Pioneer policy compels the conclusion that "David Doster" was the designated and intended beneficiary and that the word "partner" was used merely to describe the relationship of the beneficiary to the insured. We agree.

The policy application called for the following information: "Primary beneficiary (Give full name and relationship)." In answer, Peeler wrote in the words "David Doster-Partner." On the same day that the application was made, June 6, 1978, Peeler and Doster financed the purchase of a 1967 International truck by executing a note to the Reelfoot Bank under the names of "David Doster and Robert N. Peeler, d/b/a United Equipment and Culvert Sales." The men had been working together for four

months at that time, and the record establishes beyond any doubt that they intended to become partners. In short, Peeler had a legitimate basis for naming David Doster as primary beneficiary and for describing him as partner.

■ Whenever the name of a particular individual, who is designated as the primary beneficiary of an insurance contract, is followed by an incorrect description of the status or relationship of the named individual to the insured, it is the incorrect status or relationship that is generally held to be descriptive only, and the misdescription does not prevent the person named as beneficiary from receiving the proceeds under the policy. *See* Annot., 60 A.L.R. 977 (1929). The rule is set forth in 5 COUCH ON INSURANCE § 28:9 (2d ed. 1960), wherein it is stated:

When a beneficiary is named by name but words of relationship are then added which are false, it is generally held that the words of relationship are merely matter of description and that the specified relationship is not a condition which must be satisfied to enable the beneficiary to receive the proceeds of the insurance. For example, the use of the word "wife" in the description of a named beneficiary is generally regarded as *descriptio personae*, and the fact that one who otherwise fits the description does not have the legal status of wife, ordinarily does not prevent her taking as beneficiary, where it is clear that she was the person intended, and she is otherwise eligible. The fact that the designated beneficiary is incorrectly described as the wife of the insured does not necessarily render uncertain the identity of the person designated as beneficiary. Likewise, where it is not required that the beneficiary be related to the insured, an erroneous statement of relationship, made in describing the beneficiary, does not affect such beneficiary's rights.

■ While recognizing the existence of the general rule regarding misdescription of

beneficiary, appellee insists that the rule has never been applied in Tennessee where the beneficiary was erroneously described as "partner," but has only been applied in cases involving the misdescription of a beneficiary as "wife." *See Snyder v. Supreme Ruler*, 122 Tenn. 248, 122 S.W. 981 (1909). While this may be true, appellee has cited no cases for our consideration and we have found none holding that the misdescription of a beneficiary as "partner" controls over the name of the particular individual in ascertaining the identity of the intended beneficiary. On the contrary, in *Haberfeld v. Mayer*, 256 Pa. 151, 100 A. 587 (1917), a named beneficiary who was described in the policy as the insured's "business partner" was held to be entitled to receive the proceeds of the policy even though the beneficiary was not the insured's partner at the time of the insured's death.

Appellee also contends that the rule relating to misdescription of a beneficiary should not be applied for other reasons. Her argument is that, in the typical case, the erroneous description results from a relationship which presently exists at the time of the making of the contract but terminates before the policy becomes payable, thereby creating the misdescription. Since the description of David Doster as "partner" was based on a prospective relationship which never came into existence, appellee urges that the existence of the partner relationship is a condition which must be met in order for Doster to receive the benefit of the insurance contract.

■ Although this argument might seem to have merit at first blush, we find it flawed for several reasons, based on our understanding of the facts of this case. The existence of the partnership was dependent upon the ability of Robert N. Peeler to come up with the cash necessary to purchase his share of Doster's business. It would be illogical to suppose that the designation of David Doster as primary beneficiary of the Pioneer policy was conditioned upon the partnership's coming into exist-

ence, when the fulfillment of the condition was up to Peeler and totally beyond Doster's control. Secondly, if the prospective partners had truly intended for the beneficiary designations contained in the Pioneer policies to be conditioned upon the existence of a partnership, it would have been far simpler for them to have waited until the partnership had actually been created before purchasing the insurance policies. In the alternative, the two men could have named their wives as beneficiaries with the intention of exercising their right to change the beneficiary at such time as the partnership might come into existence. Finally, we note that the Pioneer policy expressly provides that the beneficiary at the insured's death will be as provided in the beneficiary designation contained in the application, unless changed by the owner. For the foregoing reasons, we conclude that the specific designation in the Pioneer policy of David Doster as primary beneficiary controls over the word "partner," which was merely descriptive; therefore David Doster was the intended beneficiary of the Pioneer policy.

Appellee next insists that even if David Doster was named and intended as beneficiary of the Pioneer policy, he is nevertheless barred from receiving the proceeds of the policy under the doctrine of insurable interest. Appellee argues specifically that Doster should be treated as the owner of both insurance policies on the life of Robert N. Peeler and that Doster lacked an insurable interest. To support this argument, appellee cites several cases which hold that where the insurance is taken out and paid for by the beneficiary as a speculation, the lack of an insurable interest by the beneficiary in the life of the insured vitiates the contract. *See Bendet v. Ellis*, 120 Tenn. 277, 111 S.W. 795 (1907); *Clement v. New York Life Ins. Co.*, 101 Tenn. 22, 46 S.W. 561 (1898); *Quinn v. Catholic Knights*, 99 Tenn. 80, 41 S.W. 343 (1897).

■ We cannot agree with appellee's assertion that David Doster was the legal owner of the insurance policies on the life of Robert N. Peeler. Although Doster did pay the annual premiums, the policies were taken out by Peeler, who possessed all the rights incident to ownership including the right to change the beneficiary. Therefore, Robert N. Peeler was the legal owner of the insurance policies on his life.

■ Under the law of this state, an individual has an unlimited insurable interest in his own life, and he may take out a policy on his own life and make it payable to whom he will; and the beneficiary need not have an insurable interest. *Brooks v. Brooks*, 32 Tenn.App. 385, 222 S.W.2d 686, 688 (1949); *Woodfin v. Neal*, 16 Tenn.App. 481, 65 S.W.2d 212 (1933). *See also* 46 C.J.S. *Insurance* § 1157 at 41 (1974). But where the insurance is taken out and paid for by the beneficiary, he must have an insurable interest in the life of the insured, or the policy will be a mere wager policy, upon which the party to whom it was issued cannot recover. *Clement v. New York Life Ins. Co., supra*, 46 S.W. at 564; *Marquet v. Aetna Life Insurance Co.*, 128 Tenn. 213, 159 S.W. 733, 735 (1913). In light of our conclusion that Peeler was the legal owner of the Pioneer policy, we hold that the policy was not taken out as a speculation and that David Doster was entitled to receive the proceeds as the named beneficiary under the Pioneer policy.

■ The appellee also urges that any recovery of the policy proceeds by David Doster should be limited to the financial interest which he had in the life of Robert N. Peeler. The records contain no evidence that Peeler procured the policy to secure any debt due Doster, therefore we see no basis for this argument.

As to the proceeds of the policy issued by Woodmen of the World, the chancellor and the Court of Appeals both found that the named beneficiary, "United Sand and Gravel, partnership business," was never a legal entity, and concluded that the Peeler estate was entitled to the proceeds of the Woodmen policy.

The appellant Doster concedes that United Sand and Gravel never existed as a partnership, but insists that the proceeds of the Woodmen policy are in the nature of partnership property and should be divided equally between himself and the Peeler estate. We find no merit in this argument. A never-existent partnership cannot own property. Since the evidence establishes that the named beneficiary never existed, we think it plain that the alternate beneficiary is entitled to the proceeds of the policy.

The judgment awarding the proceeds of the Woodmen policy to the Estate of Robert Neal Peeler is affirmed. The judgment awarding proceeds of the Pioneer American Insurance policy to the estate of Robert Neal Peeler is reversed, and judgment will be entered awarding the policy proceeds to David Doster. The cause is remanded for payment of proceeds, now in the registry of the Chancery Court of Weakley County, to the proper parties. Court costs incurred in the trial and in the appeal of this case are adjudged one-half against the appellant and one-half against the appellee.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.