ALLSTATE LIFE INSURANCE CO.    )
                              )
         Plaintiff,            )
                              )
VS.                           )        Appeal No.
                              )        01-A-01-9611-CH-00504
ELIZABETH BARBER, in her      )
individual capacity and as    )
Special Administratrix of the )        Davidson Chancery
Estate of Raymond Joe Barber, )        No. 95-2713-I
                              )
         Defendant/Appellee,  )
                              )
TORI L. HOLLINGSWORTH, in her )
individual capacity,          )
                              )
         Defendant/Appellant. )

FILED

April 23, 1997

Cecil W. Crowson
Appellate Court Clerk

## COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


BRYAN HOWARD
HOLTON, HOWARD & GOODMAN
424 Church Street
Nashville, Tennessee 37219

PAUL S. DAVIDSON
CHARLES W. COOK, III
STOKES & BARTHOLOMEW, P.A.
424 Church Street
Nashville, Tennessee 37219
        Attorneys for Defendant/Appellee

ROBERT J. NOTESTINE, III
104 Woodmont Boulevard
Suite 115
Nashville, Tennessee 37205
        Attorney for Defendant/Appellant


AFFIRMED AND REMANDED


                              BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

This case involves the interpretation of a form designating the appellant as the beneficiary on a life insurance policy. The trial court held that the appellant took the policy proceeds as the executor of the decedent's estate and not as the sole beneficiary. We affirm.

## I.

Raymond Joe Barber died on March 1, 1995 owning a $500,000 life insurance policy. In the sixteen months prior to this death, Mr. Barber changed the beneficiaries on the policy four times. The final changes named "Tori L. Hollingsworth, Executor of Estate, 100%" as the primary beneficiary and "Estate" was named as the contingent beneficiary.

Mr. Barber's will named Tori L. Hollingsworth as the executor of his estate and divided his estate as follows: fifty percent to Tori L. Hollingsworth, and twenty-five percent each to his daughter, Elizabeth Barber, and his sister, Cecilia Peterson. After Mr. Barber's death, the insurance company got adverse claims from Tori Hollingsworth and Elizabeth Barber and filed a bill of interpleader in the Chancery Court of Davidson County. The chancellor held that the designation of beneficiary was unambiguous and refused to consider any extrinsic evidence. He granted summary judgment to Ms. Barber on her claim that the insurance proceeds belonged to her father's estate.

# II.

We agree that the proceeds of the insurance policy belong to Mr. Barber's estate -- whether we consider the extrinsic evidence or not. Looking at the four corners of the beneficiary designation, the decedent's intent to have the policy proceeds paid to his estate seemed to be clearly established. Designating "Tori L. Hollingsworth, Executor of Estate, 100%" as the primary beneficiary and his "estate" as the contingent beneficiary leaves little room for speculation. This case is the reverse of *Peeler v. Doster,* 627 S.W.2d 936 (Tenn. 1982), where the Supreme Court said:

> When a beneficiary is named by name but words of relationship are then added which are false, it is generally held that the words of relationship are merely matters of description and that the specified relationship is not a condition that must be satisfied to enable the beneficiary to receive the proceeds of the insurance.

See 5 *Couch on Insurance* § 28:9 (2d ed. 1960). In this case, the designation was accurate and described a status and not just a relationship.

If, however, we consider the extrinsic evidence we are led to the same conclusion. As part of her motion for summary judgment Ms. Barber filed the deposition of Mark Weakly, the Allstate agent who witnessed the beneficiary change. He testified that Mr. Barber expressed a clear intent to make the insurance proceeds payable to his estate. He wanted to make sure that his daughter was taken care of -- which he had accomplished by providing in his will that she would take twenty-five percent of his estate.

On the other hand, Ms. Hollingsworth did not offer any admissible evidence to contradict Ms. Weakley's testimony. She relied on an unsigned list of instructions purportedly given to her by an agent of Mr. Barber's company after his death and an unauthenticated financial statement bearing Mr. Barber's signature. In the financial statement under the heading of "Insurance" the Allstate policy is listed

with Tori Hollingsworth shown as the beneficiary without any limiting words or describing her as his executor.

These documents, however, are not admissible in the form they were presented to the court. There is no evidence of their authenticity. See Rule 901, Tenn. R. Evid. Therefore they cannot be considered for Rule 56 purposes and they do not raise a genuine issue of material fact. See Rule 56.05, Tenn. R. Civ. Proc.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE