**FLEXER THEATRES OF MISSIS-SIPPI, Inc., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12249.**

United States Court of Appeals Sixth Circuit.

June 8, 1955.

Sam A. Myar, Jr., Memphis, Tenn. (Snowden, Davis, McCloy, Myar & Wellford, Memphis, Tenn., on the brief), for appellant.

Robert E. Manuel, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Hilbert P. Zarky, Washington, D. C., Millsaps Fitzhugh, U. S. Atty., Robert E. Joyner, Asst. U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

This is an appeal from a judgment of the district court denying refund of federal income taxes, and arises out of the transfer of partnership assets to a

corporation. Two corporations were involved, but for the purposes of this case, only one corporation will be referred to.

The partnership, operating several theatres and owning considerable real estate, originally consisted of four partners, Bernard and Nell P. Haberfeld, and David and Eleanor H. Flexer.

The Haberfelds, on October 21, 1946, entered into a contract with the Flexers to sell all of their interest, consisting of a one-half interest in the partnership, to the Flexers, as of January 1, 1947, and that sale was carried out. The partnership year ended on December 31, and the parties to the above mentioned contract, it is claimed, construed it to mean a sale as of that time, a fact that is borne out, indirectly, by the findings of the district court. It appears that prior to January 1, 1947, a corporation was formed, to which the Flexers intended to transfer the assets of the former partnership, as of that date, in consideration of the exchange to them of all the corporate common stock. On December 31, 1946, a meeting was held of the original incorporators of the corporation formed to take over the assets of the original partnership and a resolution was adopted setting forth that the assets of the theatre company, "originally a partnership, now owned by David Flexer and Eleanor H. Flexer * * * be transferred over to the corporation in full payment of all its subscribed capital stock." In other words, the Haberfelds sold all of their interest in the partnership to the Flexers who, in consideration of the transfer to them by the corporation of all its common stock, transferred all of the assets of the former partnership to appellant corporation which had been formed to carry on the business. The Comissioner concluded that the basis for the determination of the depreciation allowance of appellant corporation was the basis of the assets in the hands of the predecessor partnership, and should not include any portion of the sum paid by the Flexers to acquire the interest of the Haberfelds in the partnership.

Appellant corporation contended that, upon the purchase by the Flexers of the interest of the other two partners, the partnership became dissolved; and that upon the subsequent transfer of the partnership assets to the corporation, there occurred a distribution in kind of partnership property, within the meaning of Section 113(a) (13) of the Internal Revenue Code, 26 U.S.C.A., so as to require an adjustment on the basis of the depreciable assets.

The district court held that the burden was upon appellant, as taxpayer, to overcome the presumption of correctness attaching to the Commissioner's determination; that the appellant had failed to prove that the Flexers were not acting as co-partners when the assets and liabilities of the partnership were transferred to the corporation; and that appellant had further failed to prove that there was a liquidation of partnership assets, or that there was any distribution in kind of partnership assets to the partners before the transfer of the assets and liabilities to the corporation. Accordingly, the district court determined that the Commissioner was correct in deciding that the basis of the depreciable assets in the hands of appellant was the same basis as in the hands of the partnership, under Sections 112(b) (5) and 113(a) (8) of the Internal Revenue Code.

In stating the contentions of appellant, we cannot do better than to follow the method in which they are set out in its brief, by way of a step-by-step analysis of its position:

1. While the four-member partnership was operating, the partnership assets had one basis, and the partners had a different basis for their respective interests in the partnership. Section 113 (a) of the Internal Revenue Code.

2. When the Flexers purchased the one-half interests of the other two partners in the partnership for $90,000, the basis of the partnership interests of the Flexers became an amount equal to the adjusted cost basis of their original one-half interests, plus the $90,000 which

they paid for the newly acquired one-half interests. Sections 113(a) and 113(a) (13) of the Internal Revenue Code.

3. The withdrawal of the two partners who sold out dissolved the original partnership pursuant to the terms of the partnership agreement and the statutes of Tennessee. The partnership agreement explicitly provided that it was a general partnership to be operated and dissolved under the uniform partnership law of the State of Tennessee, as provided by Sections 7842 to 7882, inclusive, of Williams Annotated Code of Tennessee.[1]

4. Upon the dissolution of the partnership, the assets thereof, by operation of law, were distributed in kind to the Flexers, and were then held by them as co-owners. At the moment of this dissolution and distribution, Section 113(a) (13) of the Internal Revenue Code required that the basis of the partnership assets be adjusted to an amount equal to the basis of the Flexers' partnership interests, which at that moment consisted of the total of the book value basis of their original one-half interests, plus the $90,000 which they paid for the one-half interests in the partnership of the other original partners. Section 113(a) (13) of the Internal Revenue Code; Treas. Reg. 111, Section 29.113(a) (13)–2.

5. This adjusted basis was allocated among the various theatres in the proportion that the fair market value of the assets of each theatre bore to the fair market value of the assets of all the theatres.

6. When the Flexers transferred the assets to appellant corporation solely in exchange for appellant's stock, the assets retained the same basis in the hands of the appellant corporation as they had in the hands of the Flexers. Section 112 (b) (5) and Section 113(a) (8) of the Internal Revenue Code.

The government submits that the district court found that on December 31, 1946, appellant corporation was the successor to the original partnership; that the sale of the Haberfelds' interest was not effective, by its terms, until January 1, 1947; that the Haberfelds did not cease to be associated as partners with the Flexers until that time; and that, since the transfer of the partnership assets took place simultaneously with the withdrawal of the Haberfelds, the proofs clearly sustained the district court's conclusion that the assets of the partnership were transferred directly to appellant corporation, and that, accordingly, the Commissioner was correct in determining that the basis of the depreciable assets in the hands of appellant corporation was the same basis as in the hands of the partnership. In brief, the government's contention may be said to rest upon one proposition: that the original partnership of the Haberfelds and Flexers was not dissolved prior to the transfer of the assets to the corporate taxpayer. As we view the case, this presents, not a question of fact, but one of law.

We are of the opinion that the partnership was dissolved before the assets were transferred by the Flexers to appellant corporation.

In the first place, the original partnership was dissolved at the time the Haberfelds withdrew by virtue of the provisions of the Tennessee statutes, which adopted the Uniform Partnership Act. That law provides that a dissolution of a partnership takes place when there is a change in the relation of the partners, caused by any partner ceasing to be associated in the carrying on of the business. The sale by the Haberfelds of their

---

1. Code of Tennessee

"[Sec.] 7868. Dissolution defined.— The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business."

"[Sec.] 7870. Causes of dissolution.— Dissolution is caused (1) without violation of the agreement between the partners; * * * (b) by the express will of any partner when no definite term or particular undertaking is specified * * *."

total interest in the partnership—a one-half interest—to the Flexers was a change in the relation of the partners caused by the Haberfelds ceasing to be associated in the carrying on of the business, and resulted in a dissolution of the partnership. If any doubt could have existed as to the intention of the original partners at the beginning of their association as to what would cause a dissolution, it was made clear and binding in the partnership agreement, signed by all four original partners, expressly providing that their partnership was a general partnership, to be operated, and *dissolved*, under the provisions of the Uniform Partnership Laws of the State of Tennessee.

Moreover, it clearly appears that, instead of the assets of the partnership being transferred to the new corporation, the Flexers received the partnership assets of the Haberfelds before any transfer to the corporation. For the corporate records disclose that the assets of the original partnership, prior to their transfer to the corporation in exchange for the corporate stock, were owned personally by David and Eleanor Flexer, as it is so set forth in the resolution providing for the transfer of such property to the corporation in exchange for the stock; and the stock was issued to the Flexers as individuals.

The government points out that under Section 7866 of the Tennessee Code (Uniform Partnership Act), it is provided that: "A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, * * * but it merely entitles the assignee to receive, in accordance with his contract, the profits to which the assigning partner would otherwise be entitled." The foregoing does not detract from what has been said concerning the dissolution of a partnership resulting from the act of any partner ceasing to be associated with the carrying on of the business. It is true, as expressed in that portion of the Uniform Partnership Act, cited by the government, that a conveyance by a partner of his interest in the partnership

does not *of itself* dissolve the partnership. Such provision was enacted to cover such transactions as an assignment of the interest of a partner as collateral security for a loan, or for other purposes. In such a case, a dissolution of the partnership does not result, for the assigning partner in no wise intends to end the partnership relation. It is otherwise when a partner changes his relation to the other partners by selling his interest therein, and ceasing to be associated in the carrying on of the business. In such a case, a dissolution results. For a sale by a partner of his interest in the corporation has the effect of dissolving the corporation. H. R. Smith v. Commissioner, 10 T.C. 398. Moreover, it was intended by the original partners that such should be the result; the Flexers never intended to act as partners alone, after the withdrawal of the Haberfelds, and the law provided that the partnership should be dissolved when a partner withdrew from the business. In this case, there was a dissolution of the partnership before the transfer of the assets to the corporation. Accordingly, the Commissioner's conclusion and the judgment of the district court to the contrary, and their determination that the basis of the depreciable assets in the hands of appellant corporation was the same basis as in the hands of the original partnership, must be set aside.

It is finally contended by the government that even if the Commissioner were wrong in his determination, appellant did not assume the burden of establishing the essential facts from which the proper determination may be made. Appellant, on the contrary, claims that while, in its brief, it made an error in computing the basis of the assets which it obtained from the Flexers, there is sufficient evidence in the record for the correct computation, and it refers to testimony and exhibits which, however, do not appear in the appendices. Without delving into the original papers and exhibits for confirmation of what is claimed as to various proofs not before us and without hearing argument thereon, we

are inclined to believe that the essential facts necessary for a proper determination of liability and refund, in all probability, appear in the original transcript and exhibits; and it is for counsel to address themselves to those matters before the district court, on remand, to arrive at the correct conclusion.

In accordance with the foregoing, the judgment of the district court is reversed and the case remanded for further proceedings in accordance with this opinion.