**W.L. HODGE and Mattie Lou Jordon Johnson, Plaintiffs-Appellees,**

v.

**DMNS COMPANY, a Partnership composed of John E. Davis, Jr., William M. Nash, Bobby Gene Spivey and Carl F. Montgomery, Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 17, 1982.

Permission to Appeal Denied by Supreme Court Feb. 22, 1983.

 

John C. Kersey, Murphy & Kersey, Smyrna, for plaintiffs-appellees.

Thomas V. White, Ben C. Fordham, Tune, Entrekin & White, Nashville, for defendants-appellants.

OPINION

CANTRELL, Judge.

The primary issue in this case is whether a due-on-sale clause in a deed of trust is activated when the partnership-debtor undergoes a fundamental change by withdrawal of two of the four partners. In addition, the appellees contend that the clause was activated by an aborted sale of the property by the partnership to the remaining two partners. The appellants contest the amount of attorneys fees allowed to the appellees.

The plaintiffs-appellees, W.L. Hodge and Mattie Lou Jordon Johnson, sold a building located in Smyrna, Rutherford County, Tennessee, to the defendant-appellant, DMNS Company, a partnership composed of John E. Davis, Jr., William M. Nash, Bobby Gene Spivey and Carl F. Montgomery. Terms for payment were $21,900.00 down and a note for the remaining $51,-000.00 to be paid in fifteen years at twelve percent interest. DMNS executed a deed of trust to Ewing Smith, Trustee, to secure the payment of the note. Paragraph 14 of the deed of trust contained the following:

14. Transfer of Property; Assumption. If all or any part of the property or any interest therein is sold or transferred by Borrower without Lender's prior written consent, . . . Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable.

A disagreement arose between the partners of the DMNS Company and Montgomery and Nash decided to withdraw from the partnership. The partners adopted a plan of liquidation which included sale of the subject property at public auction. The

advertising for the sale indicated that this parcel of land had an assumable mortgage.

The appellees discovered the scheduled sale, noticed the advertising, and notified the appellants that the note could not be assumed and the due-on-sale clause would be exercised upon sale of the property. The appellants changed the advertisement to require the purchaser to arrange his own financing.

On May 9, 1981, Davis and Spivey, two of the original partners, bought the property at the public auction for $58,000.00. They executed a written sales contract which included a scheduled closing date of June 8, 1981. Prior to the date of closing, the attorney for the appellees informed two of the partners that his clients had accelerated the note and that the entire amount would be due and payable upon the closing of the sale.

Whereupon, DMNS Company and the two purchasers rescinded the sales contract and notified the appellees that the partnership was to be continued by Davis and Spivey with Montgomery and Nash withdrawing from the partnership. The appellees brought this action for judgment on the note. The prayer for relief sought a judgment for the unpaid balance on the note plus attorneys fees and the right to foreclose on the property in order to satisfy the judgment.

The appellants filed an answer denying that any interest in the property had been sold or transferred and alleging that the only change that had taken place was with respect to the ownership interest in the partnership, the owner of the property.

The lower court awarded summary judgment to the plaintiffs holding that there had been a transfer of interest in the realty sufficient to activate the acceleration clause. The court awarded the appellees a judgment for the remaining balance on the note plus interest and $7,200.00 in attorneys fees. The judgment contained a provision that the attorneys fees would be reduced to $5,000.00 if they were paid within thirty days.

The first issue raised by the appellants is:
1. Did the chancellor err in allowing the acceleration of a due-on-sale clause although there had not been a deed executed transferring any interest in the real estate?

The appellants argue that since the only means by which real property can be conveyed in Tennessee is by deed, T.C.A. § 66-5-106, a deed is the only instrument that will trigger the application of a due-on-sale clause.

■ However, we do not agree that the clause will be triggered only upon the execution of a deed. The literal words of the clause provide that "if all of *any part* of the property *or interest therein* is sold or transferred...", the entire amount of the note may be called. Transactions other than the giving of a deed may amount to a "sale or transfer" of some part of the property. Therefore, we find this issue to be without merit.

The second issue raised by the appellants is:
2. Did the lower court err in ruling that a dissolution of the partnership which elects to carry on the business triggers a due-on-sale clause on real estate owned by the partnership?

There can be little doubt that after withdrawal of two of the partners in this case the entity, DMNS, is different from the one that existed prior to the withdrawal. The change, if not by agreement, is by operation of law. By the provisions of T.C.A. § 61-1-128, a dissolution of a partnership occurs when any partner withdraws or ceases to be associated with the partnership. The partnership is not immediately terminated but continues until the winding up of the partnership affairs is complete. T.C.A. § 61-1-129. Generally, the partners terminate the day to day business, liquidate the assets, and discharge the obligations of the partners. 60 Am.Jur.2d *Partnership* § 230 (1972). However, the Uniform Partnership Act does not forbid other methods of wind-

ing up a partnership. The partnership may allow the business to continue in the same name with the withdrawing partners being compensated for their interest in the business. *Id.* at § 199. Although the business can be continued, the first or terminated partnership is a different business association from the partnership or other entity that operates the continuing business. *See* T.C.A. § 61–1–140; *cf. Flexer Theaters of Mississippi, Inc. v. United States,* 224 F.2d 445 (6th Cir.1955).

The partnership agreement itself in this case, provided that the business could continue upon the withdrawal of a partner. Therefore, there was nothing improper in the two remaining partners continuing the business. However, although the business continued its day to day operations, the old partnership of the four individuals was terminated upon the winding up of its affairs and a new partnership of the two remaining partners operated the business. Therefore, the appellees argue, any property remaining with the continuing business has been transferred from the dissolved partnership to the new partnership. *See Flexer Theaters of Mississippi, Inc. v. United States.*

However, we are not persuaded that the changes caused by the operation of the statutes on the relationship of the individual partners is an event described in the due-on-sale clause in this case. The language of the clause allows acceleration of the note if any part of the property is "sold or transferred *by the borrower.*" The borrower in this case being the partnership, and no sale or transfer of the property having been made by the partnership, the conditions in the clause are not met.

■ From the standpoint of the lender, the "borrower" has not changed; the property is still held by the partnership and the new partnership as well as all the old partners, are still liable on the note. T.C.A. § 61–1–135. The property itself remains as security for the debt. The essential relationships of the parties have not changed in any respect. Therefore, we do not think that the withdrawal of two of the partners,

while the business is continued in lieu of liquidation, amounts to a "sale or transfer by the borrower" of the property held by the partnership, even though by operation of law the entity has changed.

Although due-on-sale clauses have been enforced in Tennessee, *Gunther v. White,* 489 S.W.2d 529 (Tenn.1973); *Parker v. Covington,* 614 S.W.2d 810 (Tenn.App.1981), we do not think that they deserve to be enforced in situations beyond their terms. If lenders are concerned about lending to a partnership and desire to be able to accelerate the note if the partnership changes, the language in the due-on-sale clause should specifically cover that eventuality. Here, we find that the language in the clause does not give the lenders the right to call the note because of the change in the partnership.

The appellees, nevertheless, contend that the partnership did actually sell the property when it advertised it for sale, held the sale, and entered into a contract with the two remaining partners to close the sale on June 8, 1981. Against this contention the appellants insist that when the parties rescinded that agreement and did not go through with the sale, the due-on-sale clause was not activated.

■ We concede, as we have discussed above, that something short of a deed of conveyance may activate the clause. If, for instance, the parties entered into a contract for sale of the property which was specifically enforceable against the seller, the contract itself is a conveyance of the equitable title to the purchaser. *Reynolds v. Brandon,* 50 Tenn. (3 Heisk.) 593 (1870); H. McClintock, *McClintock on Equity* § 106 (2nd ed. 1948). If the sale is a bona fide sale and the vendee could insist on a conveyance and both parties intend to honor the agreement, the fact that the vendor does not go further and execute a deed should not affect the vendor's right to insist on payment of the note in full. However, if the contract is defective in any way or is uncertain in its terms, it may not be specifically enforceable against the vendor and no title passes to the vendee. Consequently,

there would be no right on the part of the lender to insist on the acceleration of the note. We think the same rule should apply where the parties, after entering into a contract of sale, immediately rescind or cancel the agreement. In such a case any sale or transfer would be rescinded or cancelled and the lender should not be able to accelerate the note. If it were otherwise, an owner of property who put it up for sale, and found a buyer who entered into a contract but immediately repudiated it would, nevertheless, be liable for the entire amount of the note. We do not think that the due-on-clause should be activated on such a technicality.

Therefore, we find that under the facts of this case and the language of the due-on-sale clause in the deed of trust, the lenders did not have the right to accelerate the note. Summary judgment in favor of the appellees is reversed.

Our decision on this issue renders the remaining issues in the case moot. The decision of the court below is reversed and the cause is remanded to the Chancery Court of Rutherford County for any further necessary proceedings. Tax the costs on appeal to the appellees.

TODD, P.J. (M.S.), and CONNER, J., concur.