**Helen Ann HAUN, Appellant,**

v.

**Jerry T. HAUN and Wife, Teresa Haun, Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 2, 1993.

Permission to Appeal Denied by Supreme Court Feb. 28, 1994.

Fletcher L. Ervin, Newport, for appellant.

Clinton R. Anderson, Morristown, for appellees.

## OPINION

FRANKS, Judge.

The genesis of this dispute is a contract for the sale of land entered between Charles B. Haun and Shirley W. Haun, sellers, and Jerry T. Haun and wife, Teresa A. Haun, purchasers. After hearing evidence, the Trial Judge found that the contract required defendant Helen Haun, the devisee under the Will of Charles Haun, to execute a deed transferring title of the property to Jerry T. Haun and wife, Teresa A. Haun.

Charles B. Haun and his wife Shirley Haun purchased the property in dispute on March 2, 1978, and on the date of purchase executed a note payable to Morristown Federal in the amount of $25,400.00 payable in monthly installments, with a trust deed on the property securing the loan. (Franklin Federal Savings & Loan became a successor in interest to Morristown Federal and, as such, the holder of the note and trust deed.)

Subsequently, Charles B. Haun and Shirley Haun divorced. Charles offered to sell the property to his brother Jerry, who was unable to obtain a loan to purchase the property, nor under the terms of Charles' loan with Morristown Federal Savings & Loan to assume that loan. Charles and Jerry and his wife then entered into a contract for sale of land, the document being drawn by Jerry's attorneys. The purchase price described in the agreement was:

"The total purchase price for the property is the sum of $26,000.00 payable as follows: $2,000.00 in cash paid of even date herewith, and the balance to be paid in the amount of those monthly installments through Morristown Federal Savings & Loan Association, holder of the mortgage, necessary to repay the balance of said mortgage, with approximately $24,000.00 due and beginning with the November 1983 payment."

Among the numerous conditions of the contract as pertinent are:

"Payment of any monies becoming due hereunder by the purchaser and the performance of all covenants and conditions of this contract to be kept and performed by the purchaser are conditions precedent to the performance by the seller of the covenants and conditions of this contract to be kept and performed by the seller.... The seller covenants and agrees with purchaser that seller will execute and deliver to the purchaser a general warranty deed conveying title to said purchaser free and clear of all encumbrances *when purchaser has paid to the seller all of the remaining unpaid balance of the purchase price recited in this contract.*" (Emphasis supplied.)

Shirley Haun executed a quit claim deed conveying her interest in the property to Charles B. Haun, and subsequently Charles married Helen Haun. They were also divorced, but after Charles was diagnosed with cancer he moved into the home of Helen where she cared for him until his death. Prior to Charles' demise, he executed a Last Will and Testament naming Helen as the residuary beneficiary of his estate but expressly devising the property in dispute in his Will as follows:

"I do hereby give, will, devise and bequeath my property located on the Old Kentucky Road, Morristown, Tennessee, and being identified as Lot 21 of Kentucky Heights, unto my brother Jerry T. Haun, conditioned upon him assuming the note and deed of trust against such property in favor of Jefferson Federal Savings and Loan Association, and further conditioned,

in the event there is any credit life insurance on my life which would go toward paying the indebtedness due against said property, being paid directly to Helen Ann Haun, or the said Jerry T. Haun paying to Helen Ann Haun the amount of such credit life insurance."

Charles Haun died on January 7, 1992, and the Credit Life Insurance Company on February 14, 1992 satisfied the outstanding mortgage. The last payment made under the contract of sale of Jerry T. Haun and wife Teresa A. Haun was December 1991.

The parties to the contract for sale of land were aware of the due on sale clause in the deed of trust executed by Charles and Shirley to their creditor, but under the parties' agreement it was agreed that the debt between themselves would be satisfied by Jerry and wife making monthly payments in the amount of the mortgage payments, and the agreement provided "the monthly payments shall be paid to Morristown Federal Savings & Loan Association in Morristown, Tennessee."

The contract for sale of land does not mention the Credit Life Insurance Policy, but appellees argue they "chose to pay" the life insurance premiums and should benefit from the insurance. We cannot agree. The debt of Charles never became their debt, and the policy of this State is to enforce due on sale clauses. Appellees' argument is contrary to this policy. *See Hodge v. DMNS CO,* 652 S.W.2d 762 (Tenn.App.1982). The premium payments were merely coincidental to and included in the monthly mortgage payments which were paid to Morristown Federal under the terms of the contract for sale of land agreement. The insured was Charles B. Haun and the policy was owned by Morristown Federal and it was the beneficiary to the extent of the indebtedness of the insured, Charles T. Haun. The debt satisfied was the debt owed to Morristown Federal and not Jerry and wife's. As the case of *Peeler v. Doster,* 627 S.W.2d 936 (Tenn.1982) notes, the insured is possessed with all of the rights under such policy, and such rights are not dependant upon who pays the premium for the insurance.

Under the terms of the contract of sale, the purchasers contracted to pay the full purchase price and that contract further provides:

"In the event the purchaser shall fail for a period of 30 days after they become due to pay any of the sums in this contract agreed to be paid by the purchaser, or should the purchaser fail to comply with any of the covenants or conditions of this contract on their part to be performed, then: ... the purchaser shall forfeit all rights to the property or to the possession thereof ... in lieu of the foregoing the seller may declare by notice to the purchaser the entire unpaid balance of the purchase price specified in this contract to be due and payable and may, by appropriate action in law or in equity, proceed to enforce payment thereof."

The seller was only required to deliver a warranty deed when the purchaser has paid "to seller all the remaining unpaid balance of the purchase price". The purchaser has not complied with the terms of this contract, i.e., he has not paid the purchase price in accordance with the terms of the contract of sale, and cannot compel a warranty deed. Under the terms of the contract of sale, Helen Haun is entitled to have the balance of the purchase price paid according to its terms, and/or other remedies set forth in the contract for the sale of land for failure to pay the purchase price as agreed.

Accordingly, the judgment of the Trial Court is reversed and the cause remanded for the entry of a judgment in accordance with this opinion. The costs of this appeal are taxed to the appellees.

SANDERS, P.J. (E.S.), and McMURRAY, J., concur.