# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

LANNY McCORMACK, Individually )
and as partner of McCORMACK )
FARMS, )
         )
        Plaintiff/Appellant, ) Giles Chancery No. 8800
         )
VS. ) Appeal No. 01A01-9707-CH-00341
         )
ZOLLIE McCORMACK, )
         )
        Defendant/Appellee. )

**FILED**

November 6, 1998

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF GILES COUNTY
AT PULASKI, TENNESSEE
THE HONORABLE WILLIAM B. CAIN, CHANCELLOR

**ROBERT D. MASSEY**
Pulaski, Tennessee
Attorney for Appellant

**BEN BOSTON**
**CHARLES W. HOLT, JR.**
**BOSTON, HOLT & SOCKWELL, PLLC**
Lawrenceburg, Tennessee
**C. ANTHONY EDWARDS**
Columbia, Tennessee
Attorneys for Appellee

**AFFIRMED**

                                        **ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Plaintiff Lanny McCormack appeals the final judgment entered by the trial court in this dissolution of partnership case. In its final judgment, the trial court ordered Defendant/Appellee Zollie McCormack to pay Lanny McCormack $137,453 for all of the latter's right, title, and interest in the McCormack Farms partnership. On appeal, Lanny McCormack has raised only one issue for this court's review: whether the trial court, which previously had adopted a special master's report, erred when it ruled that Lanny's interest in the partnership would be resolved in a manner which was not one of three options set forth in the special master's report. We affirm the trial court's judgment.

This lawsuit began when brothers Lanny and Bartt McCormack, individually and as partners of McCormack Farms, filed a complaint against their father, Zollie McCormack, seeking dissolution of the McCormack Farms partnership and other relief. Much of the procedural history of this lawsuit is not relevant to this appeal. What is significant, however, is that in May 1996 the trial court entered an order appointing a special master to determine and report several issues to the trial court, including "the proper division among the parties of the assets and liabilities of the partnership upon its dissolution." After appointing the special master, but before the special master had issued his report, the trial court entered an order of partial dismissal which dismissed Bartt McCormack from this lawsuit based on the representations of the parties' attorneys that Bartt and Zollie McCormack had "completely resolved their differences arising out of this lawsuit." Accordingly, the dispute between Lanny McCormack and Zollie McCormack remained the only dispute before the special master and the trial court.

In December 1996, the special master issued his report. As pertinent to this appeal, paragraph 23 of the report indicated that the parties had stipulated the partnership's net worth as of December 31, 1995, to be $950,000. Inasmuch as Lanny McCormack owned a 14.47% interest in the partnership, the special master determined that interest to be worth $137,453. The special master's report concluded by stating that, "[i]f Zollie and Lanny cannot divide the assets and liabilities in kind, or if one cannot buy from the other,

2

the former assets of the partnership should be partitioned by sale and division of the net proceeds, after payment of all expenses."

The trial court subsequently entered an order overruling most of the parties' objections to the special master's report and, except as otherwise indicated, confirming the report. Regarding the methods of final dissolution set forth at the conclusion of the special master's report, the trial court ordered that

> [S]hould the parties not agree to settle this matter based upon the buy-out pursuant to the figures set forth in Paragraph 23, Page 6 of the Special Master's report that either party may request that the Court review the feasibility of the other methods of final dissolution set forth in Paragraph 23 should they not agree upon same.

In June 1997, after conducting a hearing on the method of dissolution issue, the trial court entered an order granting Lanny McCormack ten (10) days within which to choose from two methods of dissolving the partnership. The first method provided that Zollie McCormack would pay Lanny McCormack $137,453 for Lanny's interest in the partnership. The second method provided that Zollie McCormack would purchase Lanny McCormack's partnership interest under the exact same terms and conditions whereby Zollie had purchased Bartt McCormack's partnership interest earlier in the lawsuit.

Lanny McCormack declined to choose either of these options, apparently taking the position that the trial court had no alternative but to order the sale of the partnership assets. Consequently, after the expiration of ten days, the trial court entered its final judgment dissolving the partnership by ordering Zollie McCormack to pay Lanny McCormack the sum of $137,453 for Lanny's interest in the partnership.

On appeal, Lanny McCormack contends that the trial court's method of dissolving the partnership violated the "concurrent finding rule." Under this rule,

> concurrent findings by the master and trial court [are] conclusive on appeal unless (1) the issue should not have been referred to the master; (2) the findings are based on an error of law; (3) the findings involve a question of law or a mixed question of law and fact; or (4) the findings are not supported by substantial and material evidence.

3

Shepherd v. Griffin, 929 S.W.2d 336, 344 (Tenn. App. 1995); see also T.C.A. § 27-1-113 (1980) (providing that, "[w]here there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the Court of Appeals shall not have the right to disturb such finding"). Relying on this rule, Lanny McCormack contends that once the trial court approved the special master's report setting forth the procedure for dissolving the partnership, the trial court thereafter was bound by the concurrent finding rule to employ this procedure.

We recognize that the concurrent finding rule may operate to preclude this court from revisiting certain factual issues which were concurrently determined by the special master and the trial court. We are not convinced, however, that the concurrent finding rule operates to preclude the trial court from revising its previous order adopting the special master's report. While the concurrent finding rule clearly applies to cases on appeal, we have found no authority for applying the rule while a case is still at the trial court level.

Moreover, even if the rule is applicable in the trial court setting, we conclude that the rule does not apply in this case. The concurrent finding rule applies only to findings of fact and does not apply to questions of law or to mixed questions of law and fact. Long v. Long, 957 S.W.2d 825, 829 (Tenn. App. 1997); Genesco, Inc. v. Scolaro, 871 S.W.2d 487, 492 (Tenn. App. 1993). We believe that the question of which method to employ to dissolve the partnership was a question of law to be determined by the trial court after a consideration of all the facts and circumstances of this case. Our conclusion is supported by the fact that, in the absence of a partnership agreement to the contrary, the Uniform Partnership Act (codified at T.C.A. §§ 61-1-101 to -147 (1989 & Supp. 1997)) controls the manner of dealing with partnership assets in the event of a dissolution of the partnership. Fowler & Rowntree v. Williams, 1986 WL 1033, at *4 (Tenn. App. Jan. 24, 1986); see also Hodge v. DMNS Co., 652 S.W.2d 762, 764-65 (Tenn. App. 1982). As a general rule, deciding the method of dissolving a partnership will require construction of the Uniform Partnership Act or interpretation of the partnership agreement, both of which constitute questions of law. Beare Co. v. Department of Revenue, 858 S.W.2d 906, 907 (Tenn.

4

1993); <u>Eyring v. East Tenn. Baptist Hosp.</u>, 950 S.W.2d 354, 358 (Tenn. App. 1997).[1] Accordingly, the concurrent finding rule did not prohibit the trial court in this case from departing from the special master's report on the issue of the method of dissolution.

In any event, we fail to see how the trial court's method of dissolving the partnership deviated from the special master's report. The master's report stated that, "[i]f Zollie and Lanny cannot divide the assets and liabilities in kind, or if one cannot buy from the other, the former assets of the partnership should be partitioned by sale and division of the net proceeds, after payment of all expenses." Lanny McCormack insists that, inasmuch as the parties failed to agree on a division of the partnership's assets or a purchase of the other partner's interest, the trial court was left with no alternative but to order a sale of the partnership assets.

We disagree. By its terms, the master's report specified that "the partnership should be partitioned by sale and division of the net proceeds" only in the event that (1) Zollie and Lanny could not agree on a division of assets and liabilities, and (2) neither partner was capable of buying the other partner's interest in the partnership. Apparently, Zollie McCormack was capable of purchasing Lanny McCormack's interest in the partnership, and, thus, the trial court entered a final judgment ordering that method of dissolving the partnership. Inasmuch as one partner was capable of buying the other partner's interest, the trial court did not err in ordering this method of dissolution rather than ordering the sale of the partnership property.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Lanny McCormack, for which execution may issue if necessary.

---

[1]As we previously indicated, Lanny McCormack's sole issue on appeal relates to the concurrent finding rule. He has not questioned whether the method of dissolution employed here was authorized by the Uniform Partnership Act or the partnership agreement.

5

_____
HIGHERS, J.


CONCUR:


_____
FARMER, J.


_____
LILLARD, J.